IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                              No. 6:10-cr-60010
                                No. 6:12-cv-06015

IVAN BARKER, JR.                                                                  MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed herein by **IVAN BARKER, JR.**, (hereinafter referred to as "Barker") an inmate confined in the Federal Correctional Institution, Forrest City, Arkansas. ECF No. 74. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 45.

**A.  Procedural Background**:

Barker was indicted on March 31, 2010, and charged with two counts (counts 4 and 5) of possession with intent to distribute cocaine base and one count (count 6) of maintaining a premises for facilitating drug trafficking or use. ECF No. 1.[1] His initial appearance on the indictment was on June 11, 2010. ECF No. 5. Barker was represented by retained counsel. ECF No. 5. A not guilty plea was entered, and trial was scheduled for July 23, 2010. ECF No. 5. On September 17, 2010, the Court granted Barker's motion to substitute Counsel and allowed Mr. Mark Jesse to

---

[1] Co-Defendant Laron B. Christmas was indicted on two additional counts of distribution of cocaine base. ECF No. 1.

substitute in as Barker's counsel of record. ECF No. 46. The trial date was later continued on two occasions and ultimately set for October 26, 2010. ECF No. 50.

On October 26, 2010, Barker appeared before U.S. District Judge Robert T. Dawson and, pursuant to a plea agreement with the Government, changed his plea to count 6 of the indictment to guilty. ECF No. 61.[2] A pre-sentence investigation report ("PSR") was ordered. Barker was allowed to remain on his present bond and conditions awaiting sentencing. ECF No. 61.

The United States Probation Office prepared a PSR and the matter was set for sentencing on May 9, 2011.[3] The PSR found a total offense level of 29 and a criminal history category VI. ECF No. 64. The criminal history classification was based on the PSR's finding that Barker was a career offender, having at least two prior felony convictions involving crimes of violence. ECF No. 64, paragraph 31. The PSR recommended a sentence range of 151 to 188 months imprisonment. The Government filed objections to the PSR, which were joined by Barker, and contended the career offender finding in the PSR was in error as the crime of conviction, managing or controlling a drug premises, was not a predicate offence justifying the career offender enhancement. The United States Probation Office disagreed, and the PSR's recommended findings were not changed.

On May 9, 2011, Barker appeared before Judge Dawson for sentencing. After hearing from counsel, the Court granted the Government's objection regarding career offender status and found a total offense level of 23 with a criminal history category of V. This resulted in a recommended sentencing range of 84-105 months imprisonment. The Court sentenced Barker to 96 months

---

[2]The specific terms of the plea agreement were not binding on the Court.

[3]A transcript of the Sentencing Hearing is found at ECF No. 76, and will be referred to hereafter as "S.H. p. _____."

imprisonment to be followed by three (3) years of supervised release. The Court also imposed a fine of $3,000.00 along with a $100.00 special assessment. ECF No. 65. No appeal was taken from this conviction.

**B. Instant Petition**:

Barker filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on January 23, 2012. ECF No. 74. The Court directed the Government to file a response, and the Government filed its Response on February 23, 2012. ECF No. 77.

In his Motion, Barker asserts essentially two (2) grounds for setting aside the sentence imposed in this case:

> 1. Counsel was ineffective for failing to properly investigate the facts regarding two of Barker's prior felony convictions. Proper investigation would have revealed these two convictions were "related" and should have been counted as one (1) rather than two (2) convictions for United States Sentencing Guidelines ("USSG") purposes. The convictions at issue are discussed in ¶¶ 28-29 of the PSR.
>
> 2. Counsel was ineffective for failing to file a notice of appeal as requested by Barker to contest the criminal history calculation.[4]

The Government contends the Court did not err in its calculation of Barker's criminal history and further that Barker's counsel was given no clear directive to file a notice of appeal in this case. The Court conducted an evidentiary hearing on October 17, 2012. Both Barker and his trial counsel, Mark Jesse, testified at the evidentiary hearing.[5]

---

[4] In his "Traverse" to the Government's Response, Barker also asserts Counsel was ineffective for not filing a notice of appeal to contest the Court's denial of his motion to suppress as well. The Court will not address this separately as the issue regarding counsel's alleged failure to file a notice of appeal is addressed below.

[5] References to the Evidentiary Hearing will be referred to hereafter as "E.H. p. _____."

**C. Discussion**:

    **1. Ineffective Assistance of Counsel**: The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." *U.S. Const. Amend. VI.* This "assistance" must be "effective" to comply with the Sixth Amendment. In this case, Barker asserts that his trial counsel was ineffective in the two particulars set out above. In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).

    When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Assuming that counsel's performance is found deficient, the second element, prejudice to the defense, requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Toledo* 581 F.3d at. 680 (quoting *Garrett*, 78 F.3d at 1301). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)). The Court must consider the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

    **2. Failure to File Notice of Appeal**: Barker claims his counsel was ineffective for failing

to file a notice of appeal as requested. As noted above, the Sixth Amendment provides that a criminal defendant is constitutionally entitled to the effective assistance of counsel. This right pertains to both trial and direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *see also Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003)("A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial."). Typically, a defendant claiming ineffective assistance of counsel must show both deficient performance by his counsel and actual prejudice to his defense. *See Toledo*, 581 F.3d at 680. However, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted). The defendant bears the burden of showing he requested an appeal. *See id.*

For a claim of ineffective assistance of counsel by failure to file a notice of appeal to succeed, the defendant must show that he manifested a desire to appeal his conviction and sentence. *See Barger*, 204 F.3d at 1182, *see also United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012) ("While actual prejudice is not required, the attorney must have been aware of the client's desire to appeal.") If a defendant can establish that he manifested his desire to appeal and his counsel failed to file a timely notice of appeal, the appropriate "remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal." *Id.* When the defendant and counsel disagree at an evidentiary hearing as to whether or not defendant requested an appeal, the court "is entitled to determine what version of facts presented is most credible." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012)

In this case, Barker was sentenced by this Court on May 9, 2011. Judge Dawson told Barker

on that date "you have the absolute right, Mr. Barker, to appeal this sentence that I've just imposed, but if you intend to appeal, your Notice of Appeal needs to be filed within 14 days from today's date." S.H. p. 17.  Barker was not immediately taken into custody and was allowed to remain on bond pending his surrender to serve the sentence on July 19, 2011.  *See* S.H p. 18-20.

Barker was sentenced on May 9, 2011, and the Judgment was filed on May 11, 2011.  Accordingly, Barker had until May 25, 2011 to file his appeal.  Barker testified at the evidentiary hearing that immediately after the sentencing hearing he instructed Mr. Jesse to file a notice of appeal.  *See* E.H. p. 4.  Barker stated he had several conversations following the sentencing hearing with Mr. Jesse.  *See* E.H. p. 27.  These conversations involved both the appeal of the conviction in this case and a possible effort to attack one or both of the state court convictions in order to get a lesser sentence imposed in this case through a post-trial motion.  Mr. Jesse di explain to Barker that an appeal could result in a harsher sentence than the one imposed by this Court.  *See* E.H. p. 26-27.

In addition to either phone or face to face conversations, Barker sent numerous text messages to Mr. Jesse dealing with the issue of appeal.  At the evidentiary hearing Barker offered certain text messages as evidence of his claim he demanded that Mr. Jesse file a notice of appeal.  ECF No. 74, p. 19-21.  On May 19, 2011, Barker sent the following message to Mr. Jesse: "*Just wondering how everything is looking we only got to da 24 right*"  *See* E.H. Movant's Exhibit 1. On May 23, 2011, Barker sent the following text messages to Mr. Jesse regarding the notice of appeal: "*Just let me know if u gone do it*" and "*What's up Mark u got to file it today.*"  *See* E.H. Movant's Exhibit 1.  He testified he was speaking directly about the notice of appeal.  *See* E.H. p. 8.  The Court notes that Barker continued to communicate with Mr. Jesse for several weeks after the deadline for his notice of appeal passed.  According to both Barker and Mr. Jesse, following the sentencing hearing, they
-6-

were also discussing the possibility of going back to state court to contest the prior convictions, which Barker contends never happened.

At the Evidentiary Hearing, Mr. Jesse admitted Barker instructed him to file a notice of appeal immediately following the sentencing hearing. *See* E.H. p. 69.   Mr. Jesse states there were many more text messages between he and Barker, during the relevant time frame, than were provided by Barker with the instant Motion or at the evidentiary hearing.   *See* E.H. pp. 45, 50, and 59. Indeed, the exhibit itself appears to be a random selection of text messages from Barker to Mr. Jesse. Mr. Jesse testified he discussed with Barker the possibility of an appeal resulting in a new sentence that was longer than the one imposed by Judge Dawson. *See* E.H. p. 61-64.   He testified Barker was still unhappy with the state court conviction for felon in possession of a firearm, stating that he, Barker, had never pled guilty to that offense. *See* E.H. p. 60-61.   Mr. Jesse testified he in fact investigated that claim and was unable to discover any information which contradicted the existing Judgment and Commitment Order from the Arkansas state court. *See* E.H. p. 57-58.   They discussed the possibility of an appeal "at length" according to Mr. Jesse.   However, Mr. Jesse believed Barker had made a decision to contest the state court conviction rather than pursue a direct appeal of the sentence in this Court. *See* E.H. p. 52. If the state court conviction could be set aside, Mr. Jesse believed a reduced sentence might have been possible through a post-trial motion in this Court. *See* E.H. p. 47-48.   Mr. Jesse indicated he advised Barker he could appeal even if his appeal had no merit, but that his, Mr. Jesse's, advice was not to appeal and open the door for a potentially harsher sentence. *See* E.H. p.48.   He beleived he had talked Barker out of appealing the underlying sentence. *See* E.H. p. 69.

Barker says he made an unequivocal request to Mr. Jesse to file a notice of appeal

immediately upon leaving the courtroom following his sentencing. Barker claims he continued to want to file a notice of appeal and he has phone text messages which support his claim. Mr. Jesse acknowledges Barker made this request initially but states he advised against such an appeal. Mr. Jesse believed he had convinced Barker to pursue a different strategy to obtain a reduced sentence. Barker agrees he talked with Mr. Jesse regarding other avenues to pursue, but denies he ever agreed to forgo an appeal of the sentence in this case. The Court finds Barker credible. The Court also finds Mr. Jesse credible and certainly understands why he was hesitant to pursue an appeal on behalf of his client, namely the risk of an increased sentence either on appeal or on remand if he were successful on the appeal.[6] It is clear there was confusion between Barker and his lawyer over whether Barker still desired to appeal the sentence in this case. However, because Barker directly requested an appeal and no notice of appeal followed, he was denied effective assistance of counsel.

    **3. Proper Relief**: If the a court determines a defendant asked his attorney to file a notice of appeal, and the attorney fails to do so, then the defendant must be given the opportunity, *nunc pro tunc,* to pursue a direct appeal. *See Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (holding that "[t]he procedure followed by this court to remedy petitioner's deprivation of his constitutional right to effective assistance of counsel is to vacate the sentence and to remand the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence."). In *United States v. Beers*, 76 F.3d 204 (8th Cir. 1996), the District Court in the Western District of Arkansas was faced with a similar situation. Defendant established in a § 2255

---

[6]Even though it appears to have been sound advice in light of the possibility of an increased sentence following an appeal, the client not the lawyer makes the final decision on the issue of whether or not to appeal a case.

motion that his counsel failed to file a notice of appeal as directed. Defendant also raised other ineffective assistance of counsel claims. The Court granted the § 2255 motion, as it related to the failure to the failure to file a notice of appeal, and stayed all other claims pending the outcome of that appeal. The Eighth Circuit expressly affirmed this relief in those circumstances. *See Beers* 76 F.3d at 206.

Therefore, because the Court finds Barker requested his attorney file a notice of appeal, the proper relief in this matter is for the Court to grant Barker's § 2255 Motion as far as it relates to the failure of counsel to file a notice of appeal. Barker should be re-sentenced, *nunc pro tunc*, and allowed to appeal his sentence. The remaining claims raised should be stayed and Barker given thirty (30) days following any affirmance of his sentence in which to raise his other claims by way of a § 2255 motion.

**D. Recommendation**:

Accordingly, based on the foregoing, it is recommended the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **GRANTED** for the purpose of re-sentencing. The Court recommends, Barker be re-sentenced and given an additional fourteen (14) days to file his notice of appeal of any sentence imposed at the re-sentencing. It is further recommended all of Barker's other claims be stayed pending the outcome of any appeal and that he be given an additional thirty (30) days following any affirmance of his new sentence in which to file any claim pursuant to 28 U.S. C. § 2255.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

        **DATED** this **15th** day of November 2012.

                                /s/ Barry A. Bryant
                                HON. BARRY A. BRYANT
                                U.S. MAGISTRATE JUDGE