IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA     RESPONDENT

v.     No. 6:10-cr-60010-RTD-BAB-2
        No. 6:12-cv-06015

IVAN BARKER, JR.     MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed herein by **IVAN BARKER, JR.** (hereinafter referred to as "Barker"), an inmate confined in the Federal Correctional Institution, Forrest City, Arkansas. ECF No. 109.[1] The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 45.

1.    **Procedural Background**:

Barker was indicted on March 31, 2010 and charged with two counts (counts 4 and 5) of possession with intent to distribute cocaine base and one count (count 6) of maintaining a premises for facilitating drug trafficking or use. ECF No. 1.[2] His initial appearance on the indictment was on June 11, 2010. ECF No. 5. Barker was represented by retained counsel. ECF No. 5. A not guilty plea was entered, and trial was scheduled for July 23, 2010. ECF No. 5. On September 17,

---

[1] I note this is Barker's second motion pursuant to § 2255. The first was granted to allow Barker to appeal his original sentence. ECF Nos. 89 and 90.

[2] Co-Defendant Laron B. Christmas was indicted on two additional counts of distribution of cocaine base. ECF No. 1.

2010, the Court granted Barker's motion to substitute Counsel and allowed Mr. Mark Jesse to substitute in as Barker's counsel of record.  ECF No. 46. The trial date was later continued on two occasions and ultimately set for October 26, 2010.  ECF No. 50.

On October 26, 2010, Barker appeared before U.S. District Judge Robert T. Dawson and, pursuant to a plea agreement with the Government, changed his plea to count 6 of the indictment to guilty. ECF No. 61.[3]  A pre-sentence investigation report ("PSR") was ordered.  Barker was allowed to remain on bond and conditions of release awaiting sentencing.  ECF No.  61.

The United States Probation Office prepared a PSR pursuant to the United States Sentencing Guidelines ("USSG"), and the matter was set for sentencing on May 9, 2011.[4]   The PSR found a total offense level of 29 and a criminal history category VI.  ECF No. 64. The criminal history classification was based on the PSR's finding that Barker was a career offender, having at least two prior felony convictions involving crimes of violence.  ECF No. 64, paragraph 31.  The PSR recommended a sentence range of 151 to 188 months imprisonment.  The Government filed objections to the PSR, which were joined by Barker, and contended the career offender finding in the PSR was in error as the crime of conviction, managing or controlling a drug premises, was not a predicate offence justifying the career offender enhancement.  The United States Probation Office disagreed, and the PSR's recommended findings were not changed.

On May 9, 2011, Barker appeared before Judge Dawson for sentencing.  After hearing from counsel, the Court granted the Government's objection regarding career offender status and found

---

[3]The specific terms of the plea agreement were not binding on the Court.

[4]A transcript of the Sentencing Hearing is found at ECF No. 76 and will be referred to hereafter as "S.H. p. _____."

a total offense level of 23 with a criminal history category of V. This resulted in a recommended sentencing range of 84-105 months imprisonment. The Court sentenced Barker to 96 months imprisonment to be followed by three (3) years of supervised release. The Court also imposed a fine of $3,000.00 along with a $100.00 special assessment. ECF No. 65. Barker did not object to this sentence. No appeal was taken from this conviction.

Barker filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on January 23, 2012. ECF No. 74. The Court directed the Government to file a response, and the Government filed its Response on February 23, 2012. ECF No. 77. The undersigned found Barker to be credible in his testimony that he believed he had requested a notice of appeal to be filed following his initial sentencing. The Court also determined trial counsel, Mr. Mark Jesse, to be credible in his recollection of his representation of Barker.[5] Following a hearing, the undersigned recommended the Court grant the Motion to Vacate sentence, allow Barker to be re-sentenced *nunc pro tunc* and appeal any such sentence. ECF No. 89.

Judge Dawson adopted the Report and Recommendation of the undersigned. ECF No. 90. Following the grant of his first § 2255 motion, Barker was re-sentenced by this Court. He was again sentenced to 96 months imprisonment to be followed by three (3) years of supervised release. The Court again imposed a fine of $3,000.00 along with a $100.00 special assessment. ECF No. 90.

Barker timely appealed the sentence. On appeal, Barker was represented by the Federal Defender for the Western District of Arkansas. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the sentence imposed was greater than necessary to

---

[5] For a full review of the testimony at the hearing on the first § 2255 hearing see the Report and Recommendation filed November 15, 2012. (ECF No. 89, pp. 6-8).

satisfy the goals of sentencing under 18 U.S.C. § 3553(a), and the district court erred in weighing sentencing factors. Barker filed a *pro se* supplemental brief raising the following issues: (1) the district court miscalculated his criminal history score because two of his prior sentences should have been counted as only one; (2) the district court erred in determining the quantity of drugs used to determine his Guidelines offense level; and (3) the district court wrongly denied his motion to suppress, and he has a Sixth Amendment right to have this court address the issue on direct appeal. On February 24, 2014, the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence imposed. *See United States v. Barker*, 556 F. App'x. 552 (8th Cir. 2014)(*per curiam*). ECF No. 108-2.

2. **Instant Petition**:[6]

Barker has now filed a second and timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. ECF No. 109. Because this is the first motion pursuant to §2255 filed attacking the sentence imposed, it is not a successive motion. The Court initially appointed the Federal Defender to represent Barker. ECF No. 112. The Court directed the Government to file a response, and the Government filed its Response on August 5, 2014. ECF No. 119.

Despite having counsel, Barker attempted to file several pleadings *pro se.* The Court did not accept the *pro se* pleadings. On October 21, 2014, Counsel moved to withdraw. ECF No. 125. The Court granted this motion and indicated Barker was now allowed to file any *pro se* supplements he

---

[6] I note there is a pending unopposed Motion to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(2) and U.S.S.G. Amendments 782 and 788 for an Order reducing Barker's term of imprisonment on the ground that the retroactive amendment to U.S.S.G. § 2D1.1(c) reduces the base offense level in his PSR. ECF No. 130. This Report and Recommendation will not address the issues raised in that unopposed motion.

believed necessary.  ECF. 126.  Barker filed a *pro se* supplemental Motion on January 20, 2015.  ECF No. 127.  The Government did not respond to this pleading.

In his Motion[7], Barker asserts the following grounds for setting aside the sentence imposed in this case:

> 1. Trial counsel was ineffective in failing to object to or appeal the drug quantity used to set his base offense level pursuant to the USSG.  ECF No. 109, p. 4.
>
> 2. Trial counsel was ineffective for failing to appeal the denial of Barker's motion to suppress.  ECF No. 109, p. 5.
>
> 3. Trial counsel was ineffective for failing to advise Barker of his rights to preserve his appeal of the denial of the motion to suppress.  ECF No. 117, p. 4.
>
> 4. Trial counsel was ineffective for failing to properly preserve the suppression issues.  ECF No. 117, p. 5.
>
> 5. Prosecutorial misconduct in the knowing "use of added substances to the drug" quantity.  ECF No. 122, p. 1.
>
> 6. The Court erred in using USSG § 2D1.1 drug quantity table in establishing the base offense level for this offense.

Additionally, in his *pro se* supplemental response, Barker again argues ineffective assistance of counsel as outlined above.  The Government contends the Court did not err in its calculation of Barker's criminal history or USSG sentence range and further that Barker was in fact afforded effective counsel in this matter.

3.　　**Discussion**:

　　a.　**Ineffective Assistance of Counsel**: The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have

---

[7]"Motion" refers to the Motion to Vacate (ECF No. 109), Memorandum Brief in Support of Motion to Vacate (ECF No. 117), and the pro se Supplement to Motion (ECF No. 122).

the Assistance of Counsel for his defense." *U.S. Const. Amend. VI*. This "assistance" must be "effective" to comply with the Sixth Amendment. In this case, Barker asserts that his trial counsel was ineffective in the several particulars set out above. In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).

When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Assuming that counsel's performance is found deficient, the second element, prejudice to the defense, requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Toledo* 581 F.3d at. 680 (quoting *Garrett*, 78 F.3d at 1301). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)). The Court must consider the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. I will address each of Barker's claims of ineffective assistance separately below.

    **i. Failure to object to drug quantity**[8]: Barker first argues his trial counsel failed to object

---

[8] Here, Barker also states his trial counsel failed to appeal the drug quantity calculation. I note trial counsel did not represent Barker on appeal in this matter and further, on his direct appeal, filed

to the drug quantity used to calculate his USSG base offense level. This claim is without merit. Section 1B1.3(a)(2) of the USSG provides that, in determining the base offense level, the court shall group "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Application Note 2 to § 1B1.3 states, "With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook."

Further, Application Note 10 to § 1B1.3 provides, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Accordingly, the Eighth Circuit has often held drug quantities not involved in the count of conviction are properly considered in determining the base offense level pursuant to the USSG § 1B1.3. *See, United States v. Murray*, 67 F.3d 687 (8th Cir.1995); *United States v. Gordon*, 510 F.3d 811 (8th Cir.2007); *United States v. Anderson*, 243 F.3d 478 (8th Cir. 2001).

In Barker's case, Judge Dawson properly considered all of Barker's relevant conduct. In fact, Barker agreed in the written plea agreement in this case the Court "will be permitted to consider all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation . . . as provided by § 1B1.3 of the Sentencing

---

after the grant of his initial section 2255 motion, the Eighth Circuit found that a failure to object to the drug quantity calculation waived that issue on direct appeal. *See United States v. Barker*, 556 Fed. Appx. 552, (8th Cir. 2014)(*per curiam*). ECF No. 108-2.

Guidelines." ECF No. 62, ¶ 15. Barker specifically agreed § 1B1.3 was applicable in this case. His claim here is contrary to established law and to his written agreement with the Government. Counsel cannot be considered ineffective for failing to raise non-meritorious arguments such as the one Barker raises here.

    **ii. Suppression motion**: For his next three claims for relief, Barker alleges first his trial counsel failed to appeal the denial of the suppression motion, failed to properly advise him of how to preserve his right to appeal that decision, and failed to preserve the suppression issues for appeal. Trial counsel filed a motion to suppress and Barker was found not to have standing. ECF No. 55. Trial counsel, because of the standing issue, determined any appeal of the suppression issue would be without merit. *See* Affidavit of Mark Jesse, ECF No. 119-1, p. 3.[9]

    In its opinion on direct appeal, the Eight Circuit held that by pleading guilty unconditionally, Barker waived any right to appeal the denial of the suppression motion. Accordingly, the only possible claim here is Barker's trial counsel failed to advise him in regards to a conditional plea of guilty and therefore failed to preserve the suppression issue for appeal.

    A defendant may enter a conditional plea of guilty and preserve the right to appeal any adverse ruling, including the denial of a suppression motion, provided he has the "consent of the court and the government." FED. R. CRIM. P. 11(a)(2). Failing this procedure, an unconditional plea of guilty forecloses the right to appeal the issue. Barker offers not even a hint of an allegation the Government would have consented to a conditional plea in this case. Furthermore, trial counsel avers "it was the government's offer to terminate the case in exchange for the plea, not to prolong

---

[9] I note the Federal Defender's Office represented Barker on his direct appeal. Appellate counsel filed an *Anders* brief.

it by agreeing to a conditional plea." *See* Affidavit of Mark Jesse, ECF No. 119-1, p. 4.

Following the suppression hearing, the parties entered into plea negotiations. As a result of those plea negotiations, Barker was ultimately found not to be a career offender and his sentence was substantially reduced from what it would have otherwise been. Trial counsel was not ineffective in securing this plea and in light of all of the circumstances surrounding this case, including the possible consequences for Barker which were avoided, trial counsel appears to have provided very competent advice on this issue. These claims have no merit.

**b. Prosecutorial misconduct**: Barker, in his *pro se* supplemental brief (ECF No. 122), claims he was sentenced based on "added" substances which were not cocaine as alleged in the indictment. The Government did not respond specifically to this claim.

When the package of cocaine at issue in this case, weighing in total 1.3 pounds, was initially seized by law enforcement, the officers removed all but 1.5 ounces of the suspected cocaine and replaced it with baking soda. They then conducted a controlled delivery which resulted in the arrest and conviction of Barker. He now claims this tactic resulted in "additional weight" used against him at sentencing.

A review of the PSR shows Barker was held accountable for 547.64 grams of cocaine. This is less than but close to the amount initially seized by law enforcement. There was no "additional" weight added to the USSG calculation in the PSR. *See* ECF No. 64, ¶ 5-8. Further, there was no misconduct by either law enforcement or government's counsel in this matter as they were entirely transparent about how the investigation was conducted. I also note in his written plea agreement Barker stipulated to 1.3 pounds of cocaine being seized during the incident which gave rise to this case. ECF No. 62, ¶ 7. This is approximately 589 grams of cocaine. This claim has no merit.

**c. USSG § 2D1.1 drug quantity table**: Lastly, Barker claims the Court erred in using USSG § 2D1.1 in determining his base offense level. Again, the Government did not respond to this claim. Barker pled guilty in this case to a violation of 21 U.S.C. § 856 (a)(2), managing or controlling a place for the purpose of unlawful drug trafficking. He argues the Court should have used USSG § 2D1.8 rather than § 2D1.1 when determining his base offense level for this conviction. A review of the PSR clearly shows the proper calculation was performed by the United States Probation Office and adopted by the Court in applying the advisory USSG.

In paragraph 8 of the PSR it is noted appropriate USSG provision for the count of conviction is § 2D1.8. This section provides "the offense level from § 2D1.1 [is] applicable" except for situations where the defendant had no participation in the underlying controlled substance offense other than allowing the use of the premises, in which case the base offense level shall be reduced by 4 levels. *See* USSG § 2D1.8(a)(1-2). There is no indication in the record the exception should have been applied here and Barker makes no such argument. The PSR properly calculated the base offense level and the Court properly adopted and considered this calculation. This claim has no merit.

**4.**     **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Barker is clearly not entitled to the relief he seeks.[10] Further, I find Barker has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of

---

[10] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

appealability should be denied as well.

5. **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from this denial would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **6th day of July 2015.**

      /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE